**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-CV-24788--JAL**

**JEAN VULACH,**

**Plaintiff,**

**v.**

**MVCONNECT, INC a/k/a MVTRAC,**
**and AMERICAN REPO,**

**Defendants.**

**ORDER**

**THIS MATTER** is before the Court on Defendant American Repo's Motion to Dismiss Amended Complaint (D.E. 13), filed on December 13, 2025. Plaintiff Jean Vulach ("Plaintiff") filed a Response in Opposition (D.E. 15) on December 17, 2025; and American Repo filed a Reply (D.E. 16) on December 19, 2025. The record as a whole, having been read and considered, the Court finds as follows.

## I. BACKGROUND[1]

Plaintiff financed his vehicle, a 2021 Audi RSQ8, 4wd (the "Vehicle") through a loan with nonparty Wheels Financial Group, LLC d/b/a/ LoanMart ("LoanMart") (D.E. 10 ¶ 15).[2] Prior to June 13, 2025, Plaintiff "fell behind on his payments to LoanMart[,]" (*id.* ¶ 15), and LoanMart contracted with Defendant MVconnect, Inc. a/k/a MVtrac ("Defendant

[1] The following facts are derived from the Amended Complaint (D.E. 10) and are deemed to be true for purposes of ruling on Defendants' Motions.

[2] On November 14, 2025, Plaintiff voluntarily dismissed LoanMart from this action (D.E. 8).

MV") to repossess the Vehicle (*id.* ¶ 19). Defendant MV then arranged for Defendant American Repo to carry out the repossession of the Vehicle (*id.* ¶ 21).

On or about June 13, 2025, Plaintiff observed a tow truck operator attempting to repossess his vehicle which was in a restaurant parking lot in Miami Beach, Florida (*id.*). Plaintiff then approached the tow truck operator, objected to having the Vehicle repossessed, and called the police (*id.* ¶¶ 23, 25). When law enforcement officers arrived, they allowed the tow truck operator to complete the repossession of the Vehicle while threatening to arrest Plaintiff (*id.* ¶¶ 24-7). As a result of the repossession, the Vehicle was damaged, and Plaintiff was deprived of the use of the Vehicle (*id.* ¶ 30). Plaintiff suffered emotional distress and lost time as the result of the repossession of the Vehicle and was subjected to "collection tactics" (*id.* ¶¶ 31-2).

On October 17, 2025, Plaintiff filed his original Complaint. (D.E. 1). On November 21, 2025, Plaintiff filed the operative Amended Complaint (D.E. 10), which alleges the following claims:

- <u>Count I</u>: Violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692f *et seq.* against Defendant American Repo (*id.* ¶¶ 33-43);
- <u>Count II</u>: Unlawful Repossession Florida Statute § 679.601, 679.609 and 679.625 et seq. against Defendant American Repo (*id.* ¶¶ 44-51);
- <u>Count III</u>: Conversion against Defendant American Repo (*id.* ¶¶ 52-59);
- <u>Count IV</u>: Violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692f *et seq*. against Defendant MV (*id.* ¶¶ 60-71);

- Count V: Unlawful Repossession Florida Statute § 679.601, 679.609 and 679.625 *et seq*. against Defendant MV (*id.* ¶¶ 72-79);
- Count VI: Conversion against Defendant MV (*id.* ¶¶ 80-87).[3]

On December 3, 2025, Defendant American Repo filed a Motion to Dismiss Amended Complaint ("Motion") (D.E. 13), alleging that all of Plaintiff's claims against it should be dismissed.[4]

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "[a] formulaic recitation of the elements of the cause of action will not do," *id.* at 1949 (quoting *Twombly*, 550 U.S. at 555), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" *id.* However, considering whether a complaint should be dismissed, "a court must accept as true all of the allegations contained

---

[3] The Amended Complaint identifies Count VI as a duplicative Count III (*id.* at 13).

[4] Defendant American Repo's Motion is limited to Plaintiff's claims against it in Counts I-III. Plaintiff's claims against Defendant MV enumerated in counts IV-VI are not currently pending before the Court.

in a complaint" and construe all reasonable inferences in the light most favorable to the plaintiff, with the exception of legal conclusions. *Id.*; *See Bank v. Pitt*, 928 F.2d 1108, 1109 (11th Cir. 1991).

## III. ANALYSIS

In its Motion, Defendant American Repo asserts that Plaintiff's claims against it should be dismissed for three reasons:

- *First*, that Plaintiff executed a written release on June 17, 2025 ("Release"), releasing Defendant American Repo from all claims arising out of events which occurred prior to that date;
- *Second*, that Plaintiff's allegations against Defendant American Repo fail to state a claim upon which relief can be granted as they are "conclusory assertions that merely restate statutory elements without pleading specific facts[,]" and are otherwise legally insufficient (D.E. 13 at 2); and
- *Third,* that Plaintiff's Amended Complaint "improperly relies on group pleading, rendering all claims inadequate" (D.E. 13 ¶ 4, 27-8).

### a) The written release.

Generally, a release is a "[l]iberation from an obligation, duty, or demand; the act of giving up a right or claim to the person against whom it could have been enforced." *Soto v. C-Worthy Corp.*, 206 So. 3d 117, 119 (Fla. Dist. Ct. App. 2016) (quoting Black's Law Dictionary 1292 (7th ed.1999)). State contract law determines the validity and enforceability of a release, and Florida courts typically "enforce general releases to further the policy of encouraging settlements." *In re Almengual*, 301 B.R. 902, 906 (Bankr. M.D.

Fla. 2003) (citing *Mazzoni Farms, Inc. v. DuPont De Nemours and Co.*, 761 So.2d 306, 314 (Fla.2000)); *Churchville v. GACS Inc.*, 973 So. 2d 1212, 1215 (Fla. Dist. Ct. App. 2008). As such, the principles of Florida contract law govern releases, and

they are "formed when there is mutual assent and a 'meeting of the minds' between the parties—a condition that requires an offer and an acceptance supported by valid consideration." *Pena v. Fox*, 198 So. 3d 61, 63 (Fla. Dist. Ct. App. 2015).

There must be consideration to support a release, *Atlantic Coast Line R. Co. v. Beazley*, 54 Fla. 311, 45 So. 761 (1907), and a failure of consideration may negate the legal effect of the release. *Diesel Heat & Power, Inc. v. Dixon Marine Indus. Power Transmission, Inc.*, 232 F.2d 217, 219 (5th Cir. 1956). "Florida law provides that 'a promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do[,]'" *Crystal Colony Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 6 F. Supp. 3d 1295, 1299 (S.D. Fla. 2014) (quoting *Ashby v. Ashby*, 651 So.2d 246, 247 (Fla. 4th DCA 1995)), and "[i]t is well settled Florida law that forbearance from pursuing a legal remedy, where the promisee has a bona fide belief that a viable legal right exists, constitutes valid consideration for an agreement which benefits the promisor. *Citibank Int'l v. Mercogliano*, 574 So. 2d 1190, 1191 (Fla. Dist. Ct. App. 1991). However, in cases where an obligation already existed as to one party to a release, a mere promise to comply with said obligation is insufficient consideration for a release. *See Ray v. Pollock*, 56 Fla. 530, 533, 47 So. 940, 941–42 (1908) (partner's obligation to pay debt already existed and was "no consideration" for release of other partner); *see also*

*Davidpur v. Counne*, 972 So. 2d 891, 892 (Fla. Dist. Ct. App. 2007) (a party's "promises to do anything which he is legally bound to do" is insufficient consideration.).

Here, Plaintiff "redeemed his vehicle by paying his lender, LoanMart, the required sums and signing a "Vehicle Release Authorization" ("Loan Release"). (D.E. 15 at 6; D.E. 13-1 at 1). The Loan Release stated in part:

> Wheels Financial Group, LLC dba LoanMart . . . authorizes [Defendant MV] ("Releasor") to release the . . . . [Vehicle] to [Plaintiff]. Please note that this authorization is effective only when this form is signed and dated. Absent a proper signature and date, the Vehicle will not be released.
>
> Upon release of the Vehicle, if the title to the Vehicle was delivered, please send to LoanMart. Once this form has been properly signed and the Vehicle released, please upload the signed form to RDN, and send it to LoanMart's Repossession Department[.]
>
> By signing below, I [Plaintiff], herby agree to the following terms:
>
> 1. I have inspected the Vehicle and it is in the same condition it was in prior to repossession. This includes, but is not limited to, physical and mechanical condition. If there is any change in such condition, I understand that I must complete and file a damage claim form with the Releasor prior to release of the Vehicle. I agree that I will hold LoanMart, Capital Community Bank, the Releasor, the related repossession agency, . . . harmless from and all damage which is not properly reported within the damage claim form.
>
> 2. I have complied with all applicable state law requirements in order to obtain possession of the Vehicle.
>
> I, [Plaintiff], have carefully read this Vehicle Release Authorization and fully understand and agree to such terms. I further acknowledge that upon signing and dating below, LoanMart will authorize the Releasor to release the Vehicle to me.

The Loan Release was signed and dated by Plaintiff and did not contain language releasing any claims Plaintiff had relating to wrongful repossession of the vehicle (D.E.

13-1 at 1). After signing the Loan Release, Plaintiff signed a separate release with American Repo ("Vehicle Release") which stated:

> "In sole consideration of the delivery to me of the . . . [Vehicle] and personal property, I agree that I have carefully examined the above described vehicle and made sure that there is no damage, other than any pre-existing damage. I further agree that I have examined all personal belongings that were left in the . . . [Vehicle] and that everything is accouted for and has no damage.
>
> By signing this Release, I fully understand the above statements and do agree to Release and Hold Harmless American Repo and 800LOANMART and or its Agents from all claims, demands and or actions, which I or my Representatives do have or may have against American Repo, 800LOANMART and or its Agents from all claims, demands and or actions, which I or my Representatives do have or may have against American Repo, 800LOANMART and/or its Agents or Employees, prior to this date.

(*id.* at 2). Here, Plaintiff has assertion that "American Repo was required to promptly return [Plaintiff's] vehicle to him after LoanMart authorized its release," and that the later Vehicle Release only required American Repo to do something it was already bound to do, and is therefore "void for lack of consideration[]" appears sufficient to preclude dismissal of Plaintiff's claims (D.E. 15 at 8).

**b) Failure to state a claim**

In its Motion, Defendant American Repo contends that Plaintiff's claims against it in Count I, for violation of the Fair Debt Collection Practices Act ("FDCPA"), in Count II for Unlawful Repossession, and in Count III for Conversion fail as a matter of law for failure to state a claim upon which relief can be granted.

**1. Count I and II Violation of the FDCPA and Unlawful Repossession.**

Plaintiff has not adequately alleged Defendant American Repo violated section 1692f of the FDCPA, by unlawfully repossessing the Vehicle in violation of the UCC under Florida Statute § 679.609.[5] Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Specifically, Section 1692f precludes a debt collector from:

> "[t]aking ... any nonjudicial action to effect ... dispossession of property if—
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C.A. § 1692f. In this case, Defendant American repossessed the Vehicle pursuant to Florida law, Section § 679.609 which provides that "after default [on a security agreement], a secured party may "take possession of the collateral . . . [w]ithout judicial process, if it proceeds without breach of the peace[.]"

Generally, a repossession agency does not qualify as a "debt collector" under the FDCPA. *See, e.g.*, *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) ("[T]he FDCPA does not define 'debt collection.' However, the plain language of the FDCPA supports the . . . conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g.") (citing 15 U.S.C. § 1692a). However, "some courts have found that repossession agents may be subject to the FDCPA in a limited capacity strictly for violations of 15 U.S.C. § 1692f (6)[,]" *McClain*

[5] Section 679.609 is Florida's self-help statute.

*v. Rapid Recovery Agency, Inc.*, No. 24-60093-CIV, 2025 WL 1754487, at *2 (S.D. Fla. May 8, 2025)[,] and "[t]he Eleventh Circuit has entertained the possibility—but has not expressly adopted the position—that a repossession company can lose the 'present right to repossess'" a vehicle under 15 U.S.C. § 1692(f)(6)—and therefore qualify as a 'debt collector' under that section—where the repossession company violates the applicable state self-help law." *McClain v. Rapid Recovery Agency, Inc.*, No. 24-60093-CIV, 2025 WL 1754487, at *2 (S.D. Fla. May 8, 2025) (quoting *Westbrook v. NASA Fed. Credit Union*, 799 F. App'x 722, 724 (11th Cir. 2020)).

Here, Plaintiff has alleged that Defendant American Repo breached the peace when it repossessed the Vehicle from Plaintiff, in violation of Section § 679.609 (D.E. 10 ¶¶ 33-43 rendering Defendant American Repo's repossession of the vehicle an unfair or unconscionable means to attempt to collect a debt. Specifically, Plaintiff has alleged that on June 13, 2025, he noticed a tow truck operator attempting to "repossess the Vehicle from the parking lot of a restaurant where Plaintiff had eaten lunch (*id.* ¶ 22), and that he "approached Defendants' repossession agent and clearly objected to the repossession" by making "repeated and unambiguous objections and instructions for the Defendants' repossession agent to stop the repossession (*id.* ¶¶ 23, 38), before calling law enforcement, who ultimately allowed the repossession to proceed (*id.* ¶¶ 25-7). Plaintiff has not alleged that he physically tried to prevent the repossession, or that there was significant yelling or public shouting during the repossession (*id.*).

"A breach of the peace involves an altercation, argument, or challenge to the repossession, and typically looks like yelling, violence or threatened violence, and

general disturbance." *McClain v. Rapid Recovery Agency, Inc.*, No. 24-60093-CIV, 2025 WL 1754487, at *3 (S.D. Fla. May 8, 2025); see *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) (finding plaintiff alleged breach of the peace where tow truck driver dragged two other cars to gain access to the target vehicle, ripped off the one of the car's front bumper, and displayed a pistol to the plaintiff to prevent interference with the repossession); and *Byrd v. Hyundai Motor Fin.*, No. 8:23-CV-1254-CEH-SPF, 2023 WL 8543709, at *3 (M.D. Fla. Dec. 11, 2023) (breach of the peace alleged where plaintiff physically sat in the vehicle to make her payment in an effort to prevent the repossession, the tow operator yelled at the plaintiff to allow him to take the car, and plaintiff made repeated and unambiguous objections with instructions to stop the repossession); *Marine Midland Bank-Cent. v. Cote*, 351 So. 2d 750, 752 (Fla. Dist. Ct. App. 1977) ("the debtor's physical objection bars repossession even from a public street").

Accordingly, the allegations in the Amended complaint, accepted as true simply state Plaintiff verbally objected to the repossession of the vehicle and called the police actions which do not rise to the level of an altercation, argument, or significant enough challenge to the repossession to constitute a breach of the peace under Florida law. *See Northside Motors of Fla., Inc. v. Brinkley*, 282 So. 2d 617, 624 (Fla. 1973) (upholding right to self-help for repossession without breach of the peace); *see also Chavez v. Ford Motor Credit Co. LLC*, 758 F. Supp. 3d 1017, 1021 (D. Ariz. 2024) (repossession in the face of oral opposition alone did not constitute a breach of the peace under Arizona self-help statute).

Therefore, as Plaintiff has insufficiently alleged Defendant American Repo violated Florida's self-help statute by repossessing the vehicle, such failure cannot serve as the basis for as the basis for his allegation that Defendant American Repo violated the FDCPA, and Plaintiff's claims in Counts I, and II are DISMISSED WITHOUT PREJUDICE.

**2. Count III CONVERSION.**

Under Florida law "a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Mayo v. Allen*, 973 So. 2d 1257, 1258 (Fla. Dist. Ct. App. 2008); *See also Joe Nagy Towing, Inc. v. Lawless*, 101 So. 3d 868, 876 (Fla. Dist. Ct. App. 2012) ("Florida courts have generally defined conversion as a wrongful act which deprives an owner of property of its use."). "To state a claim for conversion, one must (1) allege facts sufficient to show ownership of the subject property and (2) facts that the other party wrongfully asserted dominion over that property." *Westlake Flooring Co., LLC v. Miami Motorsports, LLC*, 423 So. 3d 894, 903 (Fla. Dist. Ct. App. 2025). Indeed, "[t]he essence of an action for conversion is 'not the acquisition of the property of the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled.'" *Taubenfeld v. Lasko*, 324 So. 3d 529, 542 (Fla. 4th DCA 2021) (quoting *Star Fruit Co. v. Eagle Lake Growers*, *Inc.*, 160 Fla. 130, 33 So. 2d 858, 860 (1948)).

"Conversion may be demonstrated by a plaintiff's demand and a defendant's refusal." *Mayo,* 973 So. 2d at 1259. However, "[t]he generally accepted rule is that demand and refusal are unnecessary where the act complained of amounts to a

conversion regardless of whether a demand is made." *Goodrich v. Malowney*, 157 So.2d 829, 832 (Fla. 2d DCA 1963). In the context of the repossession of a vehicle, generally after a seller's repossession of a vehicle after a buyer's default on its purchase agreement does not constitute a conversion. *Id.*; *See also Ruffin v. Nissan Motor Acceptance Corp.*, 953 F. Supp. 373, 377 (M.D. Ala. 1996) (Finding no liability for conversion under Alabama law where finance company repossessed vehicle upon buyer's default).

Here, Plaintiff has alleged that Defendant American Repo wrongfully reposed his vehicle and took control over it when he was entitled to possession. However, Plaintiff concedes that he financed the Vehicle "through a loan with LoanMart[,]" and that he "fell behind on his payments [on the Vehicle] to LoanMart due to unexpected medical expenses" (D.E. 10 ¶¶ 15,17). Further Plaintiff admits that Defendant American Repo was tasked "to carry out the actual repossession" of the Vehicle pursuant to his loan with LoanMart (*id.* ¶¶ 19-21). While Plaintiff alleges that Defendant American Repo improperly took possession of the Vehicle by repossessing it in breach of the peace, the court has already dismissed this claim, and therefore it cannot serve as the basis for his conversion claim. Thus, as Plaintiff has not sufficiently pled that Defendant American Repo took possession of the Vehicle pursuant to anything other than a valid security interest, Plaintiff's claim for conversion in Count II of the Amended Complaint is DISMISSED WITHOUT PREJUDICE.

**c) Group Pleading**

The Amended Complaint does not constitute a shotgun, or group pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly

referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). In its Motion Defendant American Repo contends that as the "Amended Complaint still alleges the underlying facts collectively against 'Defendants[]'" it constitutes a prohibited shotgun pleading that "does not identify the specific conduct attributable to each defendant." (D.E. 13 ¶ 27). Pertinently, a complaint which "contain[s] multiple counts where each count adopts the allegations of all preceding counts," or which "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a shotgun pleading. *Id*.

Here, the Amended complaint has provided Defendant American Repo with adequate notice of the claims asserted against it. The fact that some of the counts refers to actions of the 'Defendants' does not change that. *See*, *Weiland*, at 1323, fn 14 (quoting *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("The fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct")). Although the court has dismissed Plaintiff's claims against American Repo for the reasons stated above American Repo's allegations implicate liability for the co-defendant who hired them. *See e.g., Reliance Ins. Co. v. Wiggins*, 763 So. 2d 450, 454 (Fla. 4th DCA 2000) ("a creditor's duty to repossess a car without a breach of the peace was a nondelegable duty, such that a creditor cannot avoid liability by hiring an independent contractor to accomplish the repossession"). Accordingly, the Court finds that Plaintiff's allegations in the Amended

Complaint did not obscure which defendant engaged in which conduct and thus do not constitute an impermissible shotgun pleading.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUGED** that:

1. Defendant's Motion to Dismiss (D.E. 13), filed on December 3, 2025, is **GRANTED** in the manner stated above;
2. Plaintiff's claims against Defendant American Repo in Counts I, II, and III of the Amended Complaint are dismissed without prejudice;
3. Plaintiff may file an amended pleading within fourteen (14) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of August, 2026.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**