**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JEAN VULACH,

Plaintiff,

v.

MVCONNECT, INC. a/k/a MVTRAC, and AMERICAN REPO,

Defendants.

Case No.: 1:25-cv-24788-JAL

Plaintiff's Second Amended Complaint For

1. Violations Of 15 U.S.C. §1692f(6)
2. Wrongful Repossession
3. Conversion

**(Jury Trial Requested)**

Plaintiff JEAN VULACH complains and alleges against Defendant MVCONNECT, INC. a/k/a MVTRAC ("MV"), and Defendant AMERICAN REPO ("American Repo") (collectively the "Defendants") as follows.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally and egregiously breached the peace by continuing to repossess his vehicle over repeated objections. Plaintiff also brings

a claim against the Defendants for wrongfully repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 *et seq.*

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys' fees and costs.

**<u>PARTIES</u>**

5. Plaintiff Jean Vulach is a natural person and a resident of Miami, Florida and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).
6. Defendant MVCONNECT, INC. a/k/a MVTRAC ("MV"), is a repossession company, with its principal place of business located at 260 East Helen Road, Palatine, IL 60067.
7. Defendant MV is engaged in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.
8. Specifically, Defendant MV is what is known in the repossession industry as a 'forwarder', which is a company that is in the business of accepting repossession orders from lenders, managing the repossession process, and forwarding the repossession orders to repossession agencies that it hires for this purpose.
9. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant MV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).
10. Defendant American Repo is a repossession company headquartered in Doral, Florida.
11. Defendant American Repo is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.
12. Indeed, Defendant American Repo has admitted that its entire business is limited to the physical recovery of collateral on behalf of lienholders. *See,* Docket 7, page 3, paragraph

10.

13. Defendant American Repo further proudly boasts this fact on its website, stating that "We built American Repo to be the #1 repossession company in the United States".

14. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant American Repo is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**ALLEGATIONS OF FACT**

15. Plaintiff owns a 2021 Audi RSQ8, 4wd (the "Vehicle"), which was financed through a loan with LoanMart.

16. Plaintiff used the Vehicle for personal, family and household purposes, namely his own personal transportation.

17. Sometime prior to June 13, 2025, Plaintiff fell behind on his payments to LoanMart due to unexpected medical expenses.

18. The money owed under the LoanMart loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

19. As a result, LoanMart then contracted with Defendant MV to repossess the Plaintiff's vehicle.

20. Upon information and belief, MV does not perform any repossessions itself in Florida, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact LoanMart knew or should have known.

21. Upon information and belief, after being contracted by LoanMart to repossess the Plaintiff's vehicle, MV arranged for Defendant American Repo to carry out the actual repossession.

22. On or about June 13, 2025, at approximately 4:30 p.m., Plaintiff noticed a tow truck operator ("Defendants' repossession agent") attempting to repossess the Vehicle from the

parking lot of a restaurant where Plaintiff had eaten lunch in Miami Beach, Florida.

23. Plaintiff immediately ran outside and yelled at Defendants' repossession agent to stop the repossession efforts, demanding that they "drop the car" and that he "objected to the repossession."

24. When Defendant's repossession agent refused and continued with the repossession efforts by lifting the vehicle, Plaintiff again yelled and demanded that the car be lowered, threatened to call the police, and forcibly entered the driver's seat of the car in order to prevent the repossession, refusing to exit.

25. Additionally, while still inside the vehicle protesting Defendants' repo agent's actions, Plaintiff called Loanmart in an attempt to make payment, and requesting that Loanmart withdraw the repossession order.

26. Despite Plaintiff's clear verbal and physical objections, Defendants' repossession agent continued preparing the Vehicle for repossession.

27. Plaintiff then called law enforcement to report the unlawful repossession.

28. When law enforcement officers arrived, instead of remaining neutral as required by law or preventing the breach of the peace, the responding officers threatened to arrest Plaintiff.

29. Despite Plaintiff's verbal and physical objections, and only due to the intervention of these armed law enforcement officers, Defendants' repossession agent completed the repossession of Plaintiff's vehicle.

30. The law in Florida has long been clear that a debtor has the absolute right to object to a repossession, and that a repossession must cease upon the verbal and physical objections of the debtor to the repossession. *See e.g., Marine Midland Bank-Cent. v. Cote,* 351 So. 2d 750, 752 (Fla. Dist. Ct. App. 1977)("the debtor's physical objection bars repossession

even from a public street"); *In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008) ("The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious objection by the debtor"); *Nixon v. Halpin*, 620 So. 2d 796, 798 (Fla. Dist. Ct. App. 1993) ("The owner of the vehicle had a right to object to DCI's attempted repossession of the collateral. If DCI had not already peaceably removed the vehicle when the owner objected, its continuation with the attempt at repossession was no longer peaceable and without a breach of the peace").

31. Despite being plainly aware that they could no longer repossess the Plaintiff's vehicle after Plaintiff had verbally and physically objected to it and after the peace was breached, the Defendants' repossession agent did not care, and willfully and intentionally violated the law in persisting with the repossession.

32. As a result of the Defendants' illegal repossession, the Plaintiff was deprived of the use of the Vehicle for a period of time and his vehicle was severely damaged.

33. Plaintiff suffered fear, anger, frustration, emotional distress, lost sleep, and lost time as a result of the Defendants' actions – including the time needed to go and redeem his vehicle and to address the damages caused to that vehicle - and was subjected to abusive collection tactics he had a substantive right to be free from.

34. Plaintiff's distress manifested in physical symptoms, including difficulty sleeping, anxiety, and emotional upset, directly attributable to Defendants' conduct.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

**(Against American Repo)**

35. Plaintiff realleges and incorporates by reference paragraphs 1-32 herein.

36. Plaintiff brings this Count against Defendant American Repo.

37. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

38. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C) the property is exempt by law from such dispossession or disablement.

39. Under Florida Statute § 679.601 and 679.609, a secured party may take possession of collateral, without judicial process, **only** if it can be accomplished without a breach of the peace.

40. On June 13, 2025, the Defendant's repo agent breached the peace by continuing with the repossession of the Plaintiff's vehicle in the face of Plaintiff's repeated and unambiguous verbal and physical objections, by yelling for him to stop and entering the vehicle in protest, and instructions for the Defendants' repossession agent to stop the repossession, even after armed law enforcement became involved in the repossession.

41. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle once they breached the peace and were prohibited from repossessing it at that time.

42. Defendant American Repo accordingly violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on June 13, 2025.

43. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, by subjecting the Plaintiff to improper and deceptive collection

activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting the Plaintiff to unfair, or unconscionable means to collect a debt, by depriving the Plaintiff of use of the Vehicle, by damaging his vehicle, and by depriving the Plaintiff of the loss of the right to pre repossession judicial process.

44. Defendant's illegal activity harmed Plaintiff by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, wasted time addressing the Defendant's illegal actions and in securing the return of his illegally seized vehicle and the resultant damages, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendant's unlawful repossession tactics.

45. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## <u>COUNT II</u>

**UNLAWFUL REPOSSESSION**
**Florida Statute § 679.601, 679.609 and 679.625 *et seq.***
**(Against American Repo)**

46. Plaintiff realleges and incorporates by reference paragraphs 1-32 herein.

47. Plaintiff brings this Count against American Repo.

48. Florida law does not permit nonjudicial or "self help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

49. On June 13, 2025, the Defendant's repo agent breached the peace by continuing with the repossession of the Plaintiff's vehicle in the face of Plaintiff's repeated and unambiguous

verbal and physical objections, by yelling for him to stop and entering the vehicle in protest, and instructions for the Defendants' repossession agent to stop the repossession, even after armed law enforcement became involved in the repossession.

50. As a result, the Defendant violated Florida Statute § 679.601 and 679.609 when they repossessed the Plaintiff's vehicle on June 13, 2025.

51. By illegally repossessing the Plaintiff's vehicle on June 13, 2025, in violation of Florida Statute § 679.601 and 679.609, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of the Vehicle, in damaging his vehicle, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

52. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, wasted time addressing the Defendant's illegal actions and in securing the return of his illegally seized vehicle and the resultant damages, frustration and embarrassment.

53. By reason thereof, Defendant is also liable to the Plaintiff for judgment that Defendant's conduct violated Florida Statute § 679.601 and 679.609, including statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III

### CONVERSION
### (Against American Repo)

54. Plaintiff realleges and incorporates by reference paragraphs 1-32 herein.

55. As set forth above, American Repo wrongfully repossessed the Plaintiff's vehicle at a time that the Plaintiff – and not the Defendant – was entitled to possession of that vehicle.

56. The Defendant then held Plaintiff's vehicle for a period of time, thereby exercising wrongful dominion and control over the Plaintiff's property.
57. Defendant's conversion of Plaintiff's vehicle harmed Plaintiff, by depriving him of the use of the Vehicle for an extended period of time and in severely damaging that vehicle.
58. Defendant further harmed the Plaintiff by subjecting him to improper and deceptive collection activity and unfair and unconscionable means of collection.
59. Defendant's illegal activity also harmed Plaintiff by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, wasted time addressing the Defendant's illegal actions and in securing the return of his illegally seized vehicle and the resultant damages, frustration and embarrassment.
60. Plaintiff demanded the return of the Vehicle at the time of the repossession, but the Defendant's repossession agent refused.
61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## COUNT IV

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against MV)**

62. Plaintiff realleges and incorporates by reference paragraphs 1-32 herein.
63. Plaintiff brings this Count against Defendant MV.
64. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or

unconscionable means to collect or attempt to collect any debt.

65. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (B) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C) the property is exempt by law from such dispossession or disablement.

66. Under Florida Statute § 679.601 and 679.609, a secured party may take possession of collateral, without judicial process, **only** if it can be accomplished without a breach of the peace.

67. MV's duty to avoid a breach of the peace is nondelegable.

68. On June 13, 2025, the Defendant's repo agent breached the peace by continuing with the repossession of the Plaintiff's vehicle in the face of Plaintiff's repeated and unambiguous verbal and physical objections, by yelling for him to stop and entering the vehicle in protest, and instructions for the Defendants' repossession agent to stop the repossession, even after armed law enforcement became involved in the repossession.

69. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle once they breached the peace and were prohibited from repossessing it at that time.

70. Defendant MV accordingly violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on June 13, 2025.

71. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, by subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting the Plaintiff to unfair, or unconscionable means to collect a debt, by depriving the Plaintiff of use of the Vehicle,

by damaging his vehicle, and by depriving the Plaintiff of the loss of the right to pre repossession judicial process.

72. Defendant's illegal activity harmed Plaintiff by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, wasted time addressing the Defendant's illegal actions and in securing the return of his illegally seized vehicle and the resultant damages, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendant's unlawful repossession tactics.

73. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT V

**UNLAWFUL REPOSSESSION**
**Florida Statute § 679.601, 679.609 and 679.625 *et seq.***
**(Against MV)**

74. Plaintiff realleges and incorporates by reference paragraphs 1-32 herein.

75. Plaintiff brings this Count against MV.

76. Florida law does not permit nonjudicial or "self help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

77. On June 13, 2025, the Defendant's repo agent breached the peace by continuing with the repossession of the Plaintiff's vehicle in the face of Plaintiff's repeated and unambiguous verbal and physical objections, by yelling for him to stop and entering the vehicle in protest, and instructions for the Defendants' repossession agent to stop the repossession, even after armed law enforcement became involved in the repossession.

78. As a result, the Defendant violated Florida Statute § 679.601 and 679.609 when they repossessed the Plaintiff's vehicle on June 13, 2025.

79. By illegally repossessing the Plaintiff's vehicle on June 13, 2025, in violation of Florida Statute § 679.601 and 679.609, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of the Vehicle, in damaging his vehicle, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

80. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, wasted time addressing the Defendant's illegal actions and in securing the return of his illegally seized vehicle and the resultant damages, frustration and embarrassment.

81. By reason thereof, Defendant is also liable to the Plaintiff for judgment that Defendant's conduct violated Florida Statute § 679.601 and 679.609, including statutory damages, punitive damages, actual damages, costs and attorneys' fees.

**COUNT III**

**CONVERSION**
**(Against MV)**

82. Plaintiff realleges and incorporates by reference paragraphs 1-32 herein.

83. As set forth above, MV's repo agent wrongfully repossessed the Plaintiff's vehicle at a time that the Plaintiff – and not the Defendant – was entitled to possession of that vehicle.

84. The Defendant then held Plaintiff's vehicle for a period of time, thereby exercising wrongful dominion and control over the Plaintiff's property.

85. Defendant's conversion of Plaintiff's vehicle harmed Plaintiff, by depriving him of the use of the Vehicle for an extended period of time and in severely damaging that vehicle.
86. Defendant further harmed the Plaintiff by subjecting him to improper and deceptive collection activity and unfair and unconscionable means of collection.
87. Defendant's illegal activity also harmed Plaintiff by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, wasted time addressing the Defendant's illegal actions and in securing the return of his illegally seized vehicle and the resultant damages, frustration and embarrassment.
88. Plaintiff demanded the return of the Vehicle at the time of the repossession, but the Defendant's repossession agent refused.
89. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

90. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding the Plaintiff actual damages incurred;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) awarding the Plaintiff punitive damages;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: August 28, 2026

By: /s/ Joseph Kanee, Esq.
Joseph Kanee, Esq.
THE KANEE LAW FIRM, PLLC
1508 SW 23 Street
Fort Lauderdale, FL 33135
786-933-2775
joseph@kaneelaw.com
Attorneys for Plaintiff
Jean Vulach

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon all parties who have registered for electronic service with this Court's e-filing portal on this 28th day of August, 2026.

*/s/ Joseph H. Kanee*
Joseph H. Kanee, Esq.